IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JENNIFER ROBINSON<br>    Plaintiff<br><br>VS.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     C.A. 3:23-cv-170 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Deutsche Bank National Trust Company as Trustee, in trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-7, Asset Backed Certificates, Series 2006-7 improperly named as Deutsch Bank National Trust Company ("**Trustee**" or "**Defendant**") hereby removes this case from Cause No. 123175-CV filed in the 412th District Court of Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. Defendant denies deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.  INTRODUCTION

1. On or June 2, 2023 Plaintiff Jennifer Robinson ("**Plaintiff**") commenced this action by filing her Original Petition, Application for Injunctive relief, and Request for Disclosures, (the "**Complaint**"), Cause No. Cause No. 123175-CV in the 412th District Court of Brazoria County, Texas (the "**State Court Action**"). See Exhibit C-1.

2. The State Court Action was filed for purposes of delaying a scheduled foreclosure sale on real property that serves as collateral for a first lien mortgage held by Defendant. See Exhibit C-1.

3. Defendant filed its Answer in the State Court Action on June 8, 2023. See Exhibit C-7.

4. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading.[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

5. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

6. This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction and federal question jurisdiction. Furthermore, venue is proper in the Southern District of Texas, Galveston Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties.

7. This civil action also involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas in that She was residing and domiciled in Texas at all material times.[2]

8. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not

---

[1] *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[2] See Complaint at ¶ 2.

the citizenship of the beneficiaries of the trust.[3]

9. Deutsche Bank National Trust Company is the trustee of the subject traditional trust and is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[4]

10. Since Plaintiff is a citizen of Texas and Defendant is a citizen of a state other than Texas, there is complete diversity of citizenship among the parties.[5]

**B.     Amount in Controversy.**

11. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[6] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[7]

12. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[8] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[9]

---

[3] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[4] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).
[5] See 28 U.S.C. § 1332(c)(1).
[6] See 28 U.S.C. § 1441(a).
[7] See 28 U.S.C. § 1441(a).
[8] See *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[9] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

13. In this instance, Plaintiff's Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks to stop Trustee from foreclosing on property located at 3111 Longhorn Circle, Manvel, Texas 77578 (the "**Property**").[10] The value of the Property exceeds $75,000.00.  See Exhibit D.

14. The value of the Property according to the Brazoria County Appraisal District is no less than $527,970.00 for the tax year of 2023.  See Exhibit D.

15. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[11]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[12]  Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to foreclose on the Property.

16. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[13]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[14]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[15]  The value of the subject property in this instance for diversity purposes is no less than $527,970.00 per the records of the Brazoria County Appraisal District for

---

[10] *See* Complaint at ¶¶30-35 and Prayer.
[11] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[12] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[13] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[14] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[15] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

2023. See Exhibit D. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.     JURY DEMAND

18.     Plaintiff has made no known jury demand in the State Court Action.

## CONCLUSION

For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court, Southern District of Texas, Galveston Division.

        Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr. (Lead Counsel)
    Texas Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink (Attorney to be Noticed)
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Telephone 713-220-9182
    Facsimile 713-223-9319
    Email: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 8th day of June 2023, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Robert C. Vilt
Vilt and Associates, P.C.
5177 Richmond Avenue, Suite 1142
Houston, TX 77056
**Via ECF and E-Mail**

        /s/ Michael F. Hord Jr.
        Michael F. Hord Jr.