Case 3:23-cv-00170   Document 14   Filed on 02/01/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## Galveston Division

No. 3:23-cv-170

Jennifer Robinson, *Plaintiff*,

v.

Deutsche Bank National Trust, *Defendant*.

---

**MEMORANDUM OPINION AND ORDER**

---

Jeffrey Vincent Brown, *United States District Judge*:

The defendant has moved for summary judgment. Dkt. 11. The court will grant the motion.

## I. Background

This is a residential mortgage dispute between the borrower, Jennifer Robinson, and the lender, Deutsche Bank National Trust. Robinson purchased residential property located at 3111 Longhorn Circle in Manvel in 2006. Dkt. 12 ¶¶ 1–2. She executed a promissory note and deed of trust with Long Beach Mortgage as the lender. Dkt. 11 ¶¶ 7–8. The note was later

1/6

assigned to Deutsche Bank and serviced by Select Portfolio Servicing ("SPS"). *Id.* ¶ 9–10.

Robinson is past due for the November 1, 2017, loan payment and all subsequent payments due. Dkt. 11 ¶ 12. On December 11, 2017, Deutsche Bank claims to have sent a notice of default letter to Robinson. Dkt. 11-7. Years later, on February 21, 2020, Deutsche Bank claims to have also sent a notice-of-acceleration letter to Robinson. Dkt. 11-8. Robinson maintains she did not receive either letter. *See* Dkts. 1-4 ¶¶ 11, 15; 12 ¶ 8.

In April 2023, Robinson began to receive a "plethora" of "mailers, text messages, and phone calls informing her that her property was posted for foreclosure sale to occur on June 06, 2023." Dkt. 1-4 ¶ 10. Robinson sued Deutsche Bank in state court seeking a declaration that the foreclosure was wrongful and brought claims for breach of contract, unreasonable collection efforts, and intentional infliction of emotional distress. Dkt. 1-4. The foreclosure was enjoined by an ex parte temporary restraining order for fourteen days and subsequently canceled. Dkts. 1-5; 11 ¶ 24. Deutsche Bank then timely removed to this court and now moves for summary judgment on all claims. Dkts. 1, 11.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb.

28, 2017). "Such undisputed facts may form the basis for summary judgment." *Id.* The court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### III. Analysis

Here at the summary-judgment stage, Robinson's sole remaining claim is for breach of contract. She has expressly waived her unreasonable-collection-efforts claim in her response to summary judgment. Dkt. 12 ¶ 12. And she has implicitly waived her claim for intentional infliction of emotional distress. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when [she] fails to address the claims or oppose a motion challenging those claims."). Lastly, as no foreclosure sale has occurred, Robinson's request for declaratory relief is moot. *See Butler v. Colonial Sav., F.A.*, 2020 WL 292273, at *2 (S.D. Tex. Jan. 21, 2020) (holding plaintiff's request for declaratory relief moot when no sale had occurred and plaintiff remained in possession of the property); *Ortega v. Ocwen Loan Servicing, LLC*, 2016 WL 5794803, at *1 (W.D. Tex. Oct. 3, 2016). Therefore, the court will grant summary judgment on these claims and analyze the sole remaining claim on the merits.

The remaining breach-of-contract claim is based on Deutsche Bank's failure to send the contractually required foreclosure notices. Dkt. 1-4 ¶ 19. Deutsche Bank claims to have sent the two required notices via certified mail, but Robinson claims to have never received them.* Dkts. 11 ¶¶ 13–14; 12 ¶¶ 5, 8.

Nevertheless, the parties agree that Robinson's actual receipt of the notices is not required. Dkts. 11 ¶ 25; 12 ¶ 8. Rather, the core inquiry is whether Deutsche Bank sent the notices. *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("Texas courts have recognized that the dispositive inquiry is not *receipt* of notice, but, rather, *service* of notice."); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("Service of notice is complete when the notice is sent via certified mail. . . .There is no requirement that [the borrower] receive the notice.").

---

* Robinson's response to summary judgment is, at best, unclear as to which letters she received. She begins her response by stating "it is an undisputed fact that Plaintiff never received the notices required by Texas Property Code § 51.002." Dkt. 12 ¶ 8. Yet, one page later, Robinson asserts that Deutsche Bank "provided adequate proof" that all "notices required by Texas Property Code Section 51 were sent and received." *Id.* ¶ 11. Construing these contradictory statements in favor of the non-movant, the court will presume Robinson's position remains consistent with her complaint that she did not receive the two letters sent by Deutsche Bank.

Deutsche Bank has provided competent summary-judgment evidence to establish it sent the required notices. The Texas Property Code provides that "an affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code. § 51.002(e). Deutsche Bank has provided such an affidavit. Dkt. 11-1 ¶¶ 10–11. And it has provided scans of certified mail envelopes for both the notice of default and notice of acceleration. Dkts. 11-7, 11-8. Deutsche Bank has made a prima facie case of service, and Robinson offers no evidence to refute the fact that the notices were sent. *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 372 (5th Cir. 2021) (rejecting a "self-serving protestation[ ] of non-receipt of notice" as insufficient to "create a genuine dispute at summary judgment.") (internal quotation marks omitted). Accordingly, Deutsche Bank's motion is granted as to Robinson's breach-of-contract claim.

*   *   *

For the foregoing reasons, the court grants Deutsche Bank's motion for summary judgment on all claims. Final judgement will issue separately.

Signed on Galveston Island this 1st day of February, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE